UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL HOUSING &OPPORTUNITY COUNCIL,<br><br>    Plaintiff,<br><br>v.<br><br>NORMAN L. JEZEWAK, and SIGNATURE PROPERTY, L.L.C.<br><br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:13CV481 HEA<br>)<br>)<br>)<br>)<br>) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. [Doc. No. 25]. For the reasons set forth below, the Motion is granted.

**Facts and Background**[1]

Plaintiff filed this action alleging the following facts:

Plaintiff periodically conducts investigations of housing providers in the City of St. Louis to ensure that they are complying with the Fair Housing Act. As part of these investigations, Plaintiff conducts matched pair tests using testers to compare the treatment afforded by housing providers to different types of prospective renters. Testers are persons who, without the intent to rent an

---

[1] The recitation of facts is taken from Plaintiff's First Amended Complaint and is taken as true for the purposes of this motion.  Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

1

apartment or buy a house, gather information about housing for rent or sale in order to help determine whether discriminatory practices are occurring. In matched pair tests, two similarly-situated testers – one of whom is a member of a protected class and the other of whom is not – test the same property.

Between June 6, 2011, and September 20, 2011, Plaintiff conducted three matched pair tests of a property located at 5847 Sunshine Drive, St. Louis, MO 63109, owned by Defendant Signature Property, and managed by Defendant Jezewak.  Plaintiff conducted a matched pair test for familial status discrimination on June 6-8, 2011, a second matched pair test for familial status discrimination on September 20, 2011, and a matched pair test for race discrimination on July 7-12, 2011.

The two tests for familial status discrimination revealed evidence that Defendant Jezewak engaged in discriminatory practices including, but not limited to, the following:

a. Refusing to make one-bedroom units available for inspection by two-person households with children while indicating a willingness to make the same units available for inspection by two-person households without children;

b. Informing testers who indicated that they had children that he would not rent to them because of his property insurance's underwriting policy; and

c. Informing testers who indicated that they had children that each resident needed to have his or her own room because of his property insurance's underwriting policy.

The matched pair test for racial discrimination revealed evidence that Defendant Jezewak engaged in discriminatory practices including, but not limited to, the following:

a. Questioning the African-American tester extensively about his credit score while not similarly questioning the white tester;

b. Questioning the African-American tester more extensively about his current neighborhood than he did the white tester; and

c. Stating that less-desirable kinds of people tend to live in the African-American tester's current neighborhood.

The property insurance policy for the property located at 5847 Sunshine Drive, St. Louis, MO 63109 was provided by State Farm at all times between June 6, 2011 and September 20, 2011.  In an email dated February 24, 2012, Freund (Jezewak's insurance agent with State Farm and/or IPS) advised Jezewak that children should have separate rooms from their parents under State Farm's underwriting policy.   When Freund sent said email to Jezewak, Freund was acting on behalf of State Farm and/or IPS in his capacity as an agent, within the scope of

3

his employment, and in furtherance of the business interests of State Farm and/or IPS.

Plaintiff claims that Defendants' actions constitute housing discrimination in violation of 42 U.S.C. § 3601, *et seq*.

## Standard

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id*. at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp*., 655 F.3d 796, 799 (8th Cir.2011).

## Discussion

Defendants move to dismiss for lack of standing.  Defendants contend that Plaintiff lacks Article III standing, which requires a plaintiff to have suffered an injury-in-fact "that has a causal connection with the challenged [ ] action that likely will be redressed by a favorable decision." *Missouri Coalition for Environment v. F.E.R..*, 544 F.3d 955, 957 (8th Cir. 2008), *citing  Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Complaint alleges that its "mission is to ensure equal access to housing for all people through education, counseling, investigation, and enforcement," that it  "periodically conducts investigations of housing providers in the City of St. Louis to ensure that they are complying with the Fair Housing Act. As part of these investigations, EHOC conducts matched pair tests using testers to compare the treatment afforded by housing providers to different types of prospective renters,"

5

that "between June 6, 2011, and September 20, 2011, EHOC conducted three matched pair tests of a property located at 5847 Sunshine Drive, St. Louis, MO 63109, owned by Signature Property, and managed by Jezewak," that "the two tests for familial status discrimination revealed evidence that Jezewak engaged in discriminatory practices….," that "the matched pair test for racial discrimination revealed evidence that Jezewak engaged in discriminatory practices," that Defendants have frustrated the purpose and diverted the resources of EHOC through the discriminatory acts identified herein.

The Supreme Court has stated that "more than simply a setback to the organization's abstract social interests" is required for establishing an injury-in-fact. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982).

In *Arkansas ACORN Fair Housing, Inc. v. Greystone Development*, 160 F.3d 433, 434-35 (8th Cir. 1998), the Eighth Circuit acknowledged that the deflection of a fair housing organization's monetary and human resources from counseling or educational programs to legal efforts aimed at combating discrimination, such as monitoring and investigation, can be sufficient to constitute an actual injury where traceable to some act by the defendant. However, the tests conducted in this case are alleged as a result of the periodic testing performed by the EHOC. Plaintiff alleges in its Complaint that part of the EHOC's mission is to "periodically conduct[] investigations of housing providers." Thus, the alleged

6

discriminatory acts of Defendants were discovered as a result of the periodic investigations of housing providers.

Defendants, however, acknowledge that Plaintiff has, in its opposition to the motion, set out additional allegations which may satisfy the standing requirements for this action, *i.e.*, that Plaintiff diverted resources for additional testing which would not have been diverted but for the alleged discrimination discovered by the testers. The Court, therefore will allow Plaintiff to file an amended complaint.

## Conclusion

Based on the foregoing, the Court grants Defendants' Motion to Dismiss Plaintiff's Complaint. Plaintiff will be given leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 25], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an amended complaint.

Dated this 29th day of July, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE