IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN ST. LOUIS EQUAL | ) | |
| HOUSING & OPPORTUNITY COUNCIL, | ) | |
| Plaintiff, | ) | Case No.: 4:13-cv-00481 |
| | ) | |
| vs. | ) | |
| | ) | |
| NORMAN L. JEZEWAK, and | ) | **JURY TRIAL DEMANDED** |
| SIGNATURE PROPERTY, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

### SUGGESTIONS IN OPPOSITION TO DEFENDANTS'
### MOTUON TO BIFURCATE TRIAL

COMES NOW, Plaintiff, the Metropolitan St. Louis Equal Housing and Opportunity

Council (hereinafter "EHOC"), and provides the following suggestions in opposition to

Defendants' Motion to Bifurcate Trial (Doc. #69):

1.  Under Rule 42(b) of the Federal Rules of Civil Procedure, courts may bifurcate a trial

as to the claims raised when such bifurcation is "in furtherance of convenience or to avoid

prejudice or when . . . [it] will be conducive to expedition." Courts are given considerable

latitude in deciding the most efficient means of disposing the issues in a case, "so long as a party

is not prejudiced." *Rolscreen Co. v. Pella Products of St. Louis, Inc.,* 64 F.3d 1202, 1209 (8th

Cir. 1995).

2.  Where a party uses vague rationales or nebulous legal phrases to support a request for

bifurcation, courts are justified in refusing to bifurcate the trial. *See Athey v. Farmers Insruance*

*Exchange*, 234 F.3d 357, 362 (8th Cir. 2000).

3.  In their motion, Defendants provide no rationale as to why this Court should bifurcate

trial in this matter but merely restate the legal standard of the Rule and state that the decision to

bifurcate is in the discretion of the Court. Defendants make no allegation of prejudice and do not even assert that bifurcation would make the trial proceed more efficiently.

4. Bifurcation of the claims raised in this trial would not be in the furtherance of convenience, efficiency, or expedition of the trail. In fact, bifurcation of Plaintiff's punitive damages claims would only serve to extend the trial by potentially requiring witnesses to testify multiple times on fairly similar issues. Bifurcating the punitive damages in straightforward, essentially two-party case like the present would be unnecessarily duplicative and wholly at odds with the judicial efficiency rationale underlying Rule 42(b).

WHEREFORE, for the reasons set forth above, Plaintiff EHOC respectfully requests that this Court deny Defendants' Motion to Bifurcate Trial.

Dated: May 16, 2016          Respectfully submitted,

METROPOLITAN ST. LOUIS EQUAL
HOUSING & OPPORTUNITY COUNCIL

/s/ Zachary M. Schmook

Zachary M. Schmook, #59555MO
1027 S. Vandeventer Avenue, Sixth Floor.
St. Louis, MO 63110
Phone: (314) 246-9381
Fax: (888) 636-4412
Email: zschmook@ehoc-stl.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the Court's electronic notification system this 16th day of May 2016, to the following counsel of record:

Jeremy A. Gogel, #61866MO
The Gogel Law Firm
4542 West Pine Boulevard
Saint Louis, MO 63108
Phone: (314) 775-3864; Fax: (314) 531-1069
E-mail: jeremy@gogellawfirm.com

**Counsel for Defendants Norman L. Jezewak
and Signature Property, LLC.**

                  /s/ Zachary M. Schmook
                  Zachary M. Schmook

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN ST. LOUIS EQUAL HOUSING & OPPORTUNITY COUNCIL,<br>　　　　Plaintiff, | )<br>)<br>) Case No.: 4:13-cv-00481 |
| | ) |
| vs. | ) |
| | ) |
| NORMAN L. JEZEWAK, and<br>SIGNATURE PROPERTY, L.L.C., | ) **JURY TRIAL DEMANDED**<br>) |
| | ) |
| 　　　　Defendants. | ) |

## <u>ORDER</u>

Upon review of the foregoing Uncontested Motion for Extension of Time to Schedule

and Conduct Mediation, it is hereby ORDERED that the Motion is GRANTED. Lead counsel for

ADR, Zachary M. Schmook, shall coordinate the initial ADR conference and notify the clerk of

the agreed upon details of the initial conference no later than **March 24, 2016**.  The Parties shall

complete mediation no later than **April 11, 2016**.  The remaining provisions of this Court's

March 30, 2015 Order [Doc. #45] shall remain in effect.

　　　　Dated this _____ day of _____, 2016.


　　　　　　　　　　_____
　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　UNITED STATES DISTRICT JUDGE